UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEWYORK

| | |
|---|---|
| GEM YIELD BAHAMAS LIMITED,<br><br>*Plaintiff,*<br><br>v.<br><br>REALPHA TECH CORP. (*f/k/a* REALPHA ASSET MANAGEMENT, INC.),<br><br>*Defendant.* | Case No. 1:25-cv-2271 |

**COMPLAINT**

Plaintiff GEM YIELD BAHAMAS LIMITED ("GYBL" or "Plaintiff"), by and through undersigned counsel, bring these causes of action against Defendant REALPHA TECH CORP. (*f/k/a* REALPHA ASSET MANAGEMENT, INC.) ("ReAlpha" or "Defendant"), and upon information and belief alleges as follows:

**INTRODUCTION**

1.  GYBL brings this action against Defendant ReAlpha due to Defendant's breach of the Parties' warrant, dated October 23, 2023 (the "Warrant").

2.  Upon GYBL's exercise of the Warrant, Defendant is obligated to issue to GYBL 1,700,884 common shares of ReAlpha stock.

3.  On November 1, 2024, Defendant filed the action styled *ReAlpha Tech. Corp. (f/k/a ReAlpha Asset Management, Inc.) v. GEM Yield Bahamas Limits*, Case No. 1:24-cv-08325 seeking rescission of the Warrant under Section 29(b) of the Exchange Act of 1934 (the "Rescission Action").

1

4. On March 13, 2025, Judge Lewis Kaplan granted GYBL's Motion to Dismiss the Rescission Action. *See* Memorandum Opinion (Mar. 13, 2025), ECF No. 25.

5. By bringing the Rescission Action, Defendant breached the Warrant.

6. Defendant has also separately communicated to GYBL that it will not honor the Warrant.

7. GYBL seeks damages, interest, attorneys' fees, and costs, in connection with GYBL's breach of the Warrant.

## THE PARTIES

8. Plaintiff GYBL is a limited company formed under the laws of the Commonwealth of the Bahamas with a principal place of business in Nassau, Bahamas.

9. Defendant ReAlpha is a Delaware corporation with its principal place of business located at 6515 Longshore Loop, Suite 100, Dublin, Ohio 43017.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and GYBL and Defendant are citizens of different states or countries.

11. Venue is proper because the Warrant expressly provides that the "venue for any dispute arising under this Warrant will lie exclusively in the state or federal courts located in New York, and the parties irrevocably waive any right to raise *forum non conveniens* or any other argument that New York is not the proper venue." *See* Warrant, ECF No. 1-1 at § 11.

**FACTUAL BACKGROUND**

12. GYBL and non-party GEM Global Yield LLC SCS ("GEM Global") (collectively "GEM") are part of private alternative investment group that manages a diverse set of investment vehicles focused on emerging markets.

13. Defendant ReAlpha is a publicly-traded real estate technology company.

**The SPA**

14. On December 1, 2022, GEM and Defendant entered into a Share Purchase Agreement (the "SPA") to provide a share subscription facility through which GEM Global agreed to purchase, upon the request of Defendant and subject to the terms and conditions of the SPA, common shares of Defendant, up to an aggregate value of $100 million (the "Aggregate Limit").

15. The share subscription facility provided for in the SPA is active for a period of 36 months (the "Investment Period") starting with the public listing of Defendant's shares.

16. Section 1.01(jj) of the SPA defines "Public Listing" as "the public listing of [Defendant's] Common Shares for trading on the Principal Marker or the consummation of Reverse Merger Transaction, whichever is earlier."

17. In consideration of the substantial funding made available to Defendant through the SPA, Defendant agreed, in Section 4.12(b) of the SPA, to make and execute, on the date that its shares became publicly listed, the Warrant:

> On the Public Listing Date, [ReAlpha] shall make and execute a warrant granting GYBL the right to purchase Common Shares … having an expiration date that is the fifth anniversary of the Public Listing Date, granting GYBL the right to purchase, upon the terms set forth more fully therein, up to the number of Common Shares that is equal to 4.0% of the total equity interests (including Common Shares and any other equity interests convertible or exchangeable into Common Shares or bearing equivalent economic interests) outstanding immediately after the completion of the Public Listing (including any Common Shares issued pursuant to an over-allotment option), calculated on a fully diluted basis, at an exercise price per Share equal to the closing bid price of the Common Shares on the Public Listing Date. On the first

anniversary following the Public Listing Date (the "Adjustment Date"), if all or any portion of the Warrants remain unexercised and the average Daily Closing Price of the Common Shares over the 30 days preceding the Adjustment Date (the "Current Trading Price") is less than 90% of the then-current exercise price of the Warrant, the exercise price of such remaining Warrant shall adjust to 110% of the Current Trading Price.

18. Section 8.01 of the SPA also states that Plaintiff must pay any attorneys' fees and costs incurred by GYBL in bringing an action to remedy a breach of the SPA *or the Warrant* by Defendant.

### The Warrant

19. On October 23, 2023, Defendant executed and delivered the Warrant to GYBL.

20. Pursuant to the Warrant, Defendant provided GYBL with the right to purchase 1,700,884 of Defendant's shares at a set price, subject to adjustment as set forth in the Warrant. *See* Warrant (Oct. 23, 2023), ECF No. 1-1.

21. Under Section 3(a) of the Warrant, Defendant agreed to, during the period in which the Warrant can be exercised, "have authorized and reserved for the purpose of the issuance upon exercise of this Warrant a number of authorized but unissued Common Shares equal to at least one hundred fifty (150%) of the number of Common Shares issuable upon exercise of this Warrant without regard to any limitations on exercise."

22. Pursuant to Section 1 of the Warrant, GYBL was permitted to exercise the Warrant for a period of five years (the "Warrant Term") from the Public Listing Date.

### The Rescission Action and ReAlpha's Other Conduct

23. On November 1, 2024, ReAlpha filed the Rescission Action.

24. In the Rescission Action, ReAlpha alleged that GYBL is an unregistered securities dealer, which voids the Warrant under Exchange Act Section 29(b).

25. On January 17, 2025, GYBL filed a motion to dismiss the Rescission Action.

26. On March 13, 2025, Judge Lewis Kaplan of the U.S. District Court for the Southern District of New York granted GYBL's Motion to Dismiss the Rescission Action.

27. In dismissing ReAlpha's complaint, in full, the Court held that: (i) ReAlpha's claims under the Exchange Act were time-barred, and (ii) the Warrant was not otherwise subject to rescission under Section 29(b) because it did not require GYBL to act as a broker or dealer. See Memorandum Opinion, ECF No. 25.

28. Notwithstanding the court's ruling in the Rescission Action, by filing the Rescission Action and through other communications to GYBL, Defendant has indicated to GYBL that it does not intend to honor the Warrant.

29. On information and belief, Defendant has not reserved any common shares as required by Section 3(a) of the Warrant, thus preemptively denying and otherwise making it impossible for ReAlpha to perform under the Warrant and for GYBL to exercise its rights under the Warrant.

## COUNT I
## Breach of Contract
## Breach of the Warrant

30. GYBL repeats and realleges every allegation above as if fully set forth herein.

31. On October 23, 2023, Defendant executed and delivered the Warrant to GYBL.

32. The Warrant allows GYBL to exercise the Warrant at any time within the Warrant Term, which runs through October 23, 2028.

33. Under Section 3(a) of the Warrant, Defendant agreed, during the Warrant Term, to "have authorized and reserved for the purpose of the issuance upon exercise of this Warrant a number of authorized but unissued Common Shares equal to at least one hundred fifty (150%) of

5

the number of Common Shares issuable upon exercise of this Warrant without regard to any limitations on exercise."

34. On information and belief, GYBL has not reserved any common shares that could be issued upon exercise of the Warrant, in breach of Section 3(a) of the Warrant.

35. On November 1, 2024, Defendant filed the Rescission Action seeking rescission of the Warrant under Section 29(b) of the Exchange Act of 1934.

36. The filing of the Rescission Action and Defendant's efforts to rescind the Warrant through that action amount to a material breach of the Warrant.

37. Defendant has also otherwise communicated and represented to GYBL that it does not intend to honor the Warrant, again in breach of the Warrant.

38. As a result of said breaches, GYBL is entitled to monetary damages in an amount to be determined at trial.

39. Additionally, or in the alternative, GYBL was damaged and is entitled to specific performance of the Warrant including, but not limited to, an order directing Defendant to set aside the common shares required under Section 3(a) and delivery of shares, as required by the Warrant, upon GYBL's exercise, and at a price consistent with the terms of the Warrant.

40. GYBL is also entitled to pre-judgment and post-judgment interest, an award of attorneys' fees and costs incurred in bringing this action, pursuant to Section 8.01 of the SPA, injunctive and/or declaratory relief, and any other relief as is appropriate.

## COUNT II
### Declaratory Relief

41. GYBL repeats and realleges every allegation above as if fully set forth herein.

42. By failing to reserve any common shares that could be issued upon exercise of the Warrant, and by filing the Rescission Action, Defendant has taken the position that the Warrant is not enforceable.

43. As a result, GYBL anticipates that Defendant will not issue the shares due under the Warrant upon GYBL's exercise.

44. There is an actual case and controversy between GYBL and Defendant as to the enforceability of the Warrant and Defendant's obligations under the same.

45. GYBL requests that the Court enter an order declaring that the Warrant is valid and enforceable and that Defendant is obligated to deliver, pursuant to the terms and conditions of the Warrant, shares to GYBL upon its exercise of the Warrant.

**WHEREFORE**, Plaintiff GYBL requests that the Court:

   A. Award monetary damages caused by Defendant's breach of the Warrant, in an amount to be determined at trial;

   B. Order specific performance of the Warrant including, but not limited to, ordering Defendant to set aside the common shares required under Section 3(a) and deliver shares, as required by the Warrant, upon GYBL's exercise;

   C. Grant GYBL's attorneys' fees and litigation costs in bringing this action,;

   D. Enter an award of pre-judgment and post-judgment interest, as provided by law;

   E. Issue a declaration that the Warrant is enforceable and that Defendant must deliver shares, pursuant to the terms and conditions of the Warrant, to GYBL upon its exercise of the Warrant; and

  F. Grant such other or further relief as may be appropriate under the circumstances.

Dated: March 19, 2025

            Respectfully submitted,

            **EVERSHEDS SUTHERLAND (US) LLP**

            /*s*/ *Francis X. Nolan, IV*
            Francis X. Nolan, IV
            Alexander P. Fuchs
            1114 Avenue of the Americas
            The Grace Building, 40th Floor
            New York, New York 10036
            Telephone: (212) 389-5000
            Facsimile: (212) 389-5099
            franknolan@eversheds-sutherland.com
            alexfuchs@eversheds-sutherland.com

            William T. O'Brien
            700 Sixth Street, NW, Suite 700
            Washington, D.C. 20001
            Telephone: (202) 220-8236
            Facsimile: (202) 637-3593
            williamobrien@eversheds-sutherland.com

            ***Attorneys for Plaintiff***