UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GEM YIELD BAHAMAS LIMITED,

Plaintiff,

-against-

REALPHA TECH CORP. (f/k/a REALPHA ASSET MANAGEMENT, INC.),

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 08/21/2025

25-cv-2271 (LAK)

**MEMORANDUM OPINION**

Appearances:

Alexander P. Fuchs
Francis X. Nolan, IV
William T. O'Brien
EVERSHEDS SUTHERLAND LLP

*Attorneys for Plaintiff*

Alyssa Feldman
Mark R. Basile
THE BASILE LAW FIRM P.C.

*Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

Late last year, the defendant in this action ("reAlpha") filed suit (the "Rescission Action") against the plaintiff here ("GYBL") seeking rescission of a warrant that provided GYBL with the right to purchase reAlpha shares at a set price.[1] After this Court dismissed the Rescission Action, GYBL brought this action against reAlpha for breaching the warrant. ReAlpha moves to

---

1 *ReAlpha Tech. Corp. v. GEM Yield Bahamas Limits*, No. 24-cv-8325 (LAK) (S.D.N.Y).

dismiss on the grounds that GYBL has not alleged sufficiently (1) the breach of any contractual obligations, or (2) that it suffered any damages.

### ***Facts***[2]

On December 1, 2022, the parties entered into a share purchase agreement, pursuant to which an affiliate of GYBL agreed to purchase up to $100,000,000 worth of reAlpha stock.[3] The agreement stated also that reAlpha would issue a warrant at a later date entitling GYBL to purchase up to 1,700,884 of reAlpha's shares at a set price, subject to adjustment.[4]

ReAlpha executed and delivered the warrant to GYBL on October 23, 2023.[5] The warrant provides that reAlpha would reserve 2,551,326 shares for "for the purpose of the issuance upon exercise" of the warrant.[6] GYBL alleges that reAlpha (1) "has indicated to that GYBL that it does not intend to honor the [w]arrant," and (2) has not reserved any shares as required by the warrant.[7]

---

2 For the purpose of this motion, the Court assumes the truth of plaintiff's allegations and draws all inferences favorable to plaintiff to which the allegations reasonably are susceptible.

3 Dkt 12 (" Am. Compl.") ¶ 14.

4 *Id.* ¶¶ 17–22.

5 *Id.* ¶ 19.

6 *Id.* ¶¶ 20–21.

7 *Id.* ¶¶ 28–29.

On November 1, 2024, reAlpha filed the Rescission Action.[8] There, reAlpha argued that the warrant was void by virtue of Section 29(b) of the Securities Exchange Act of 1934 (the "Exchange Act") because GYBL was not registered as a dealer with the Securities and Exchange Commission.[9] This Court dismissed the Action because (1) reAlpha's claim was time-barred, and (2) the warrant was not made in violation of Section 15(a) of the Exchange Act and therefore not subject to rescission.[10] After that decision was issued, the Second Circuit ruled in *Xeriant, Inc. v. Auctus Fund LLC*[11] that a warrant substantially similar to the one executed by reAlpha could not be rescinded because it was not made in violation of Section 15(a) of the Exchange Act.[12]

Six days after this Court dismissed the Rescission Action, GYBL filed this action. After the Court ruled that the complaint failed adequately to the allege the existence of federal subject matter jurisdiction,[13] GYBL filed an amended complaint (the "Amended Complaint").[14] ReAlpha now moves to dismiss the Amended Complaint.[15]

---

8 *ReAlpha Tech. Corp. v. GEM Yield Bahamas Ltd.*, No. 24-cv-8325 (LAK) (S.D.N.Y).

9 *ReAlpha Tech Corp. v. GEM Yield Bahamas Ltd.*, No. 24-cv-8325 (LAK), 2025 WL 815359 (S.D.N.Y. Mar. 13, 2025).

10 *Id.* at *2–3.

11 141 F.4th 405 (2d Cir. 2025).

12 *Id.* at 415–16.

13 Dkt 8.

14 Dkt 12.

15 Dkt 16.

## ***Discussion***

### *I. Legal Standard*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In deciding a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.[18]

### *II. Breach of Contract*

To state a breach of contract claim, a plaintiff must allege (1) the formation of a valid contract, (2) performance by the plaintiff, (3) breach of a contractual obligation by the defendant, and (4) resulting damages.[19] ReAlpha argues that the Amended Complaint fails to allege sufficiently the third and fourth elements, breach and damages.

---

16. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

17. *Id.* at 678.

18. *See Levy v. Southbrook Int'l Invs., Ltd.*, 263 F.3d 10, 14 (2d Cir. 2001).

19. *PF2 Sec. Evaluations, Inc. v. Fillebeen*, 98 N.Y.S.3d 162, 162 (1st Dep't 2019); *Noise In Attic Prods., Inc. v. London Recs.*, 782 N.Y.S.2d 1, 3 (1st Dep't 2004).

*A. Breach*

ReAlpha first argues that the Amended Complaint does not identify the breach of a particular provision of the warrant. But the Amended Complaint alleges clearly that reAlpha breached its contractual obligations (1) to sell shares to GYBL at a set price, and (2) to reserve shares to be issued upon exercise of the warrant.[20]

ReAlpha next argues that the Amended Complaint is deficient because it does not allege sufficiently an anticipatory repudiation of the warrant. "An anticipatory breach of contract by a promisor is a repudiation of [a] contractual duty before the time fixed in the contract for . . . performance has arrived."[21] "For an anticipatory repudiation to be deemed to have occurred, the expression of intent not to perform by the repudiator must be 'positive and unequivocal.'"[22] Determining whether a party has expressed a positive and unequivocal intent not to perform requires a fact-intensive, case-specific review of that party's conduct.[23]

Here, the Amended Complaint alleges that reAlpha expressed its intent not to honor the warrant "by filing the Rescission Action and through other communications to GYBL."[24] Whether these actions constitute a positive and unequivocal expression of intent not to perform is

---

20 Am. Compl. ¶¶ 20–21, 28–29.

21 *Princes Point LLC v. Muss Dev. L.L.C.*, 30 N.Y.3d 127, 133 (2017) (alterations in original) (quoting 10-54 Corbin on Contracts § 54.1 (2017)).

22 *Id.* (quoting *Tenavision, Inc. v. Neuman*, 45 NY2d 145, 150 (1978))

23 *See In re Best Payphones, Inc.*, 432 B.R. 46, 56–58 (S.D.N.Y. 2010) (citing cases), *aff'd*, 450 F. App'x 8 (2d Cir. 2011).

24 Am. Compl. ¶ 28.

impossible to determine from the pleadings alone and inappropriate for resolution at this stage.

ReAlpha argues that the filing of the Rescission Action is not an anticipatory repudiation, citing *Princes Point LLC v. Muss Development L.L.C.*[25] There, the New York Court of Appeals held that, "under the circumstances" present in that case, "the mere commencement of an action seeking 'rescission and/or reformation' of a contract [does not] constitute[] an anticipatory breach of such agreement."[26]

*Princes Point* does not support dismissal here. First, unlike here, the court's ruling was based on a fulsome record at summary judgment.[27] Second, and relatedly, the court's ruling was based on the particular facts of that case, including evidence of continued negotiation between the parties.[28] The court did not hold that a rescission action never could constitute an anticipatory repudiation.[29] Third, the only basis for anticipatory repudiation in *Princes Point* was the rescission action.[30] In contrast, the New York Appellate Division, First Department, has held that a party unequivocally expressed its intent not to perform where it filed a rescission action and its lawyer

---

25. 30 N.Y.3d 127 (2017)

26. *Id.* at 130.

27. *Id.* at 132–33.

28. *Id.* at 131.

29. *Id.* at 130 ("mere commencement" of rescission action did not constitute anticipatory breach "[u]nder the circumstances of this case"); *id.* at 133 ("*On this record* . . . we cannot conclude that the commencement of this action reflects a repudiation of the contract." (emphasis added)).

30. *Id.* at 133–34.

sent a letter declaring the contract void.[31] Here, GYBL alleges that, in addition to the Rescission Action, reAlpha expressed its intent not to perform in other communications. And fourth, GYBL alleges that reAlpha already has breached the warrant by failing to reserve shares as required. That allegation does not rely on any anticipated repudiation — the alleged breach already has occurred.

Accordingly, GYBL has alleged sufficiently that reAlpha breached contractual obligations in the warrant.

*B. Damages*

ReAlpha argues that the GYBL has not alleged that it suffered any damages resulting from the alleged failure to reserve shares. To defeat a motion to dismiss, a complaint need only "contain[] allegations from which damages attributable to the defendant's breach might be reasonably inferred."[32]

GYBL argues that the share reservation breach "made it impossible for GYBL to exercise the warrant," thereby causing it to suffer damages.[33] ReAlpha responds that "[t]his is entirely false" and GYBL "has never been prevented from exercising the [w]arrant."[34] But whether GYBL in fact has been prevented from exercising the warrant is beyond the scope of the instant motion. The allegation that reAlpha has not reserved shares as required by the warrant — which the

---

31 *JP Pizza Eastport, LLC v. Luigi's Main St. Pizza, Inc.*, 234 N.Y.S.3d 568, 571 (1st Dep't 2025)

32 *CAE Indus. Ltd. v. KPMG Peat Marwick*, 597 N.Y.S.2d 402, 404 (1st Dep't 1993).

33 Dkt 20 at 4.

34 Dkt 21 at 2.

Court must accept as true at this stage — supports the reasonable inference that those shares are unavailable to be purchased, making it impossible for GYBL to consummate the transaction, the triggering of which would be the sole purpose of exercising the warrant.

In any event, even if GYBL did not suffer any damages caused by the share reservation breach, reAlpha does not dispute that its anticipatory repudiation of the provision requiring it to sell shares to GYBL at a set price has caused GYBL to suffer damages.

Accordingly, GYBL has alleged sufficiently that it has suffered damages resulting from reAlpha's alleged breaches.

## *III. Declaratory Judgment*

The Amended Complaint seeks a declaratory judgment declaring the warrant enforceable. The Court possesses "broad discretion" not to entertain an action for declaratory relief.[35] The factors pertinent to this exercise of discretion are "(1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor

---

35 *Dow Jones & Co. v. Harrods Ltd.,* 346 F.3d 357, 359 (2d Cir. 2003).

declining to exercise jurisdiction."[36]

Here, GYBL has not set forth convincingly what useful purpose would be served by a declaratory judgment. The Court's decision in the Rescission Action and the Second Circuit's ruling in *Xeriant* conclusively resolved that the warrant was not void under the Exchange Act. GYBL asserts that the "Rescission Action concerns claims under the Exchange Act and does not address the general enforceability of the [w]arrant outside of that narrow context."[37] But GYBL does not explain what other legal issue regarding the enforceability of the warrant requires clarification. Furthermore, the availability of adequate alternative coercive remedies renders a declaratory judgment unnecessary.[38]

Accordingly, the Court declines to exercise its jurisdiction over the proposed declaratory judgment claim.

[balance of page intentionally left blank]

---

36 *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99–100 (2d Cir. 2023) (cleaned up).

37 Dkt 20 at 9.

38 *Jackson v. Scotts Co.*, No. 08-cv-1064 (LAK), 2008 WL 1700224, at *2 (S.D.N.Y. Mar. 27, 2008).

***Conclusion***

For the foregoing reasons, defendant's motion to dismiss the amended complaint (Dkt 16) is granted to the extent that the claim for declaratory relief is dismissed. It is denied in all other respects.

SO ORDERED.

Dated: August 21, 2025

Lewis A. Kaplan
United States District Judge